**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BENJAMIN TILLMAN,

   Plaintiff,

v.              No. 1:26-cv-01765-SCY

DANNY VIGIL;[1] JOSHUA MILLER;
DANIEL BROWN; DAMIAN VIGIL;
ANDREW LAUR; ALL UNKNOWN
OFFICERS INVOLVED; and CITY
OF SANTA FE,

   Defendants.

### ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

This matter comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant

to 42 U.S.C. § 1983, filed June 1, 2026 (Doc. 1), and Plaintiff's Application to Proceed in

District Court Without Prepaying Fees or Costs, filed June 1, 2026 (Doc. 2).

#### Order Granting Application to Proceed *In Forma Pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the

Court may authorize the commencement of any suit without prepayment of fees by a person who

submits an affidavit that includes a statement of all assets the person possesses and that the

person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma
> pauperis, it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.
> Thereafter, if the court finds that the allegations of poverty are untrue or that the
> action is frivolous or malicious, it may dismiss the case[.]

---

[1] The Complaint spells this Defendant's name as "Danny Virgil." The Court spells this Defendant's name as "Danny Vigil" which is how this Defendant's name is spelled in the Incident Report, Arrest Report, and Probable Cause Statement attached to the Complaint. *See* Complaint at 70, 81, 83.

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $600.00 (ii) Plaintiff's income amount expected next month is $0.00; (iii) Plaintiff has no cash and no funds in bank accounts; and (iv) Plaintiff is unemployed and homeless. Thus, the Court finds that Plaintiff is unable to pay the costs of this proceeding.

**Order to Show Cause**

In his Complaint, Plaintiff alleges that he contracted to be a driver and deliver loads across the country for the box truck company Lily V Enterprises ("Company"). Complaint at 8. Tatisha Nicholson is the owner of the Company. Complaint at 9. Plaintiff traveled to Santa Fe, New Mexico, delivered a load and "was (AMBUSHED) BY SANTA FE NEW MEXICO POLICE AUTHORITIES AND ARRESTED AND TOOK TO SANTA FE JAIL." Complaint at 12 (emphasis in original). Defendant Danny Vigil, who was assisted by Officer Defendants Daniel Brown, Joshua Mueller, Damian Vigil and Andrew Laur, arrested Plaintiff for receiving or transferring a stolen motor vehicle. Complaint at 70-71 (Incident Report). Plaintiff alleges

Defendant Officer Danny Vigil included false statements in an arrest report "TO RECEIVE A (PROBABLE CAUSE STATEMENT) FOR PALI[N]TIFF'S ILLEGAL ARREST." Complaint at 14 (emphasis in original). Plaintiff attached Defendant Danny Vigil's Incident Report, Arrest Report, and Probable Cause Statement to the Complaint. Complaint at 70-84. Plaintiff asserts claims for unlawful arrest pursuant to 42 U.S.C. § 1983. Complaint at 1-2, 8, 14-15. It also appears Plaintiff is asserting state-law claims for "DAMAGE TO PERSONAL PROPERTY" and "REPUTATION DAMAGE." Complaint at 16 (emphasis in original).

As an initial matter, the Court has considered Defendant Danny Vigil's reports that Plaintiff attached to his Complaint. *See Matney v. Barrick Gold of North America*, 80 F.4th 1136, 1150 n.11 (10th Cir. 2023) ("A court may consider (1) "documents that the complaint incorporates by reference," (2) "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity," and (3) "matters of which a court may take judicial notice;"); *see also Matney v. Barrick Gold of North America*, 80 4th 1136, 1145 (10th Cir. 2023). The reports indicate that the owner of the Company "Tatisha Nicholson advised [Defendant Danny Vigil] she was tracking her vehicle that was stolen by one of her drivers . . . . [Plaintiff] was no longer allowed to have the vehicle and kept possession of the vehicle after being told to return it." Complaint at 72, 74-75 (stating Nicholson reported the vehicle stolen to a South Carolina Sheriff's Office and that "the vehicle did come back stolen out of South Carolina"); *id.* at 83 (Probable Cause Statement, same). The Incident Report also states that after being advised of his Miranda rights "[Plaintiff] advised [Defendant Danny Vigil] he did not steal the truck. [Plaintiff] advised the company told him they were going to call the cops, however, they told him to finish his load and then they would get him a load back to South Carolina." Complaint at 72, 75, at 83 (Probable Cause Statement, same).

3

The Court has identified the following deficiencies in Plaintiff's complaint and orders him to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

The Complaint fails to state plausible claims pursuant to 42 U.S.C. § 1983 against Defendant Danny Vigil, the assisting officers, and the City of Santa Fe.

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. W*aller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). We must draw on our experience and common sense in evaluating the plausibility of a claim. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. The degree of specificity needed to establish plausibility and provide fair notice depends on the context and the type of case. *Id.*; *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted).

As to Defendant Vigil, Plaintiff alleges that Vigil included false statements in the arrest report and illegally arrested Plaintiff. Complaint at 14. Plaintiff also alleges that "OTHER

EXCULPATORY EVIDENCE REFUTES AND CONSTRADICTS [sic] OFFICER (VIGIL DANNY) FALSE STATEMENTS." Complaint at 14. According to arrest report Plaintiff attached to his Complaint, after police handcuffed and Mirandized Plaintiff, Plaintiff made a statement. Complaint at 83 (Exhibit Y, arrest report). Defendant Vigil recounted this alleged statement to the court as part of the factual basis in support of the charges against Plaintiff. *Id.* Specifically, Defendant Vigil advised the state court that, during this interview of Plaintiff, Plaintiff advised Defendant Vigil that "he did not steal the truck. [Plaintiff] Benjamin advised the company told him they were going to call the cops, however, they told him to finish his load and then they would get him a load back to South Carolina." *Id.* Plaintiff complains that the first part of this statement was false, as he never "advised the company told him they were going to call the cops." Complaint at 15.

Plaintiff further alleges that the New Mexico statute with which he was charged requires that he knew or had reason to believe the truck was stolen. Complaint at 14. The full statement Defendant Vigil attributes to Plaintiff, however, is exculpatory, not inculpatory. That is, by including Plaintiff's statement in the factual basis Defendant Vigil submitted to the court, Defendant Vigil advises the court of Plaintiff's side of the story—that Plaintiff did not steal the truck and that the company he had worked for gave him permission to continue using the truck to finish his load. Thus, Defendant Vigil did not use the statement he attributed to Plaintiff, and that Plaintiff alleges was false, to support probable cause. Indeed, the statement Defendant Vigil attributed to Plaintiff indicates a lack of mens rea that, if accepted as true, would negate probable cause for the arrest. Defendant Vigil's probable cause statement to the court, however, did not recount only what Plaintiff allegedly said. Defendant Vigil also recounted what the company said—that Plaintiff had stolen its truck. Complaint at 83 (Exhibit Y, arrest report). The magistrate

5

judge who found probable cause to support the charges against Plaintiff apparently weighed the statement attributed to the company more heavily than the statement attributed to Plaintiff.

Turning back to Plaintiff's present allegations against Defendant Vigil, assuming the truth of the allegations in Plaintiff's Complaint, a factfinder could only conclude that Defendant Vigil attributed a statement to Plaintiff that tended to negate the mens rea element of the crime charged. Just as a false exculpatory statement attributed to Plaintiff could not support the criminal charges against Plaintiff, it cannot support Plaintiff's civil allegations against Defendant Vigil. Thus, Plaintiff fails to provide facts from which the Court may reasonably infer Defendant Danny Vigil's liability, sufficient to state a plausible claim for unlawful arrest.

Second, the Complaint fails to state a claim against the officers that assisted with the arrest: Defendants Daniel Brown, Joshua Mueller, Damian Vigil, and Andrew Laur. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). There are no allegations describing what the assisting officers did to Plaintiff and what specific legal right Plaintiff believes each assisting officer violated.

Third, the Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against the City of Santa Fe. "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir. 1998) and *Monell v. Dep't of Soc.* *754 Servs.,* 436 U.S. 658, 694

(1978)). "A 'single isolated incident' does not prove the existence of an unconstitutional policy or custom." *Id.* (citing *City of Okla. City v. Tuttle,* 471 U.S. 808, 821 (1985)). Plaintiff has not alleged facts showing that a City of Santa Fe policy or custom was the moving force behind the alleged constitutional deprivation.

The Court notifies Plaintiff that if the Court dismisses Plaintiff's federal law claims, the Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above. If Plaintiff agrees with the Court's analysis regarding these deficiencies in his Complaint, rather than show cause, he may amend his Complaint.

The amended complaint must comply with the Federal and Local Rules of Civil Procedure. The Complaint directs the Court to "Please look up" a pending case in South Carolina state court that deals with the same facts involved in this action. Complaint at 4. "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The amended complaint must contain allegations setting forth the facts that form the basis of Plaintiff's claims. *See* Fed. R. Civ. P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief"). The factual

allegations in Plaintiff's memorandum in support of the Complaint are not numbered. *See*

Complaint at 8-15; Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered

paragraphs"). Plaintiff attached 69 pages of exhibits to the Complaint. Complaint at 18-87. If

Plaintiff attaches exhibits to the amended complaint, Plaintiff must mark the portions of those

exhibits Plaintiff wishes to bring to the Court's attention. *See* D.N.M.LR-Civ. 10.6 ("The

portions of an exhibit the party wishes to bring to the Court's attention must be marked, e.g., by

brackets, shading, or underlining").

### Service on Defendants

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides

that the "officers of the court shall issue and serve all process, and perform all duties in

[proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this

time because the Court is ordering Plaintiff to show cause and file an amended complaint. The

Court will address service after this Order to Show Cause is resolved.

### Case Management

> Generally, *pro se* litigants are held to the same standards of professional
> responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become
> familiar with and to comply with the *Federal Rules of Civil Procedure* and the
> *Local Rules of the United States District Court for the District of New Mexico* (the
> "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October

2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil

Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure

interferes with the judicial process and may result in monetary and non-monetary sanctions

including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff

fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

## Compliance with Rule 11

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

9

**IT IS ORDERED** that:

(i)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or

Costs, Doc. 2, filed June 1, 2026, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court

should not dismiss this case or (b) file an amended complaint. Failure to timely

show cause or file an amended complaint may result in dismissal of this case.

_____
UNITED STATES MAGISTRATE JUDGE

10