**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BENJAMIN TILLMAN,

      Plaintiff,

v.                                                                                        No. 1:26-cv-01765-SCY

DANNY VIGIL,[1]
JOSHUA MILLER,
DANIEL BROWN,
DAMIAN VIGIL,
ANDREW LAUR,
ALL UNKNOWN OFFICERS INVOLVED and
CITY OF SANTA FE,

      Defendants.

## ORDER FOR AMENDED COMPLAINT

This matter comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed June 1, 2026 (Doc. 1), and Plaintiff's Response to Order to Show Cause, filed July 6, 2026 (Doc. 7).

Plaintiff alleges in his Complaint that he contracted to be a driver and deliver loads across the country for the box truck company Lily V Enterprises ("Company"). Doc. 1 at 8. Tatisha Nicholson is the owner of the Company. *Id.* at 9. Plaintiff traveled to Santa Fe, New Mexico, delivered a load and "was (AMBUSHED) BY SANTA FE NEW MEXICO POLICE AUTHORITIES AND ARRESTED AND TOOK TO SANTA FE JAIL." *Id.* at 12 (emphasis in original). Defendant Danny Vigil arrested Plaintiff for receiving or transferring a stolen motor vehicle, and was assisted by Officers Defendants Daniel Brown, Joshua Mueller, Damian Vigil,

---

[1] The Complaint spells this Defendant's name as "Danny Virgil." The Court spells this Defendant's name as "Danny Vigil" which is how this Defendant's name is spelled in the Incident Report, Arrest Report, and Probable Cause Statement attached to the Complaint. Doc. 1 at 70, 81, 83.

and Andrew Laur. *Id.* at 70-71 (Incident Report). Plaintiff alleges Defendant Officer Danny Vigil included false statements in an arrest report "TO RECEIVE A (PROBABLE CAUSE STATEMENT) FOR PALI[N]TIFF'S ILLEGAL ARREST." *Id.* at 14 (emphasis in original). Plaintiff attached Defendant Danny Vigil's Incident Report, Arrest Report, and Probable Cause Statement to the Complaint. *Id.* at 70-84. Plaintiff asserts claims for unlawful arrest pursuant to 42 U.S.C. § 1983. *Id.* at 1-2, 8, 14-15. It also appears Plaintiff is asserting state-law claims for "DAMAGE TO PERSONAL PROPERTY" and "REPUTATION DAMAGE." *Id.* at 16 (emphasis in original).

The Complaint consists of the six-page form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" and the attached 12-page Memorandum in Support which is referenced in the form Complaint. *Id.* at 1-18. Plaintiff attached 74 pages of exhibits to the Complaint. *Id.* at 19-92. Plaintiff also lodged "Exhibit S Videos/Body Cameras on these Officers" with the Court separately from the Complaint which Plaintiff describes as a "Flat-Drive." Doc. 5 (notice of lodging).

After reviewing the Complaint, the Court entered an Order to Show Cause pointing out several deficiencies in the Complaint. Doc. 6. Specifically, the Order to Show Cause found that the Complaint fails to state plausible Section 1983 claims against the Defendants because: (1) the Complaint fails to provide facts from which the Court may reasonably infer that Defendant Vigil is liable for an unlawful arrest given that the statement Plaintiff complains about, which Vigil included in a probable cause statement in support of charges against Plaintiff, was exculpatory; (2) the Complaint fails to include allegations describing what the assisting officers did to Plaintiff and what legal right Plaintiff believes each assisting officer violated; and (3) the Complaint fails to state a claim against the City of Santa Fe because it includes no facts showing

2

that the City of Santa Fe had a policy or custom which lead to Plaintiff's alleged constitutional deprivation. *Id.* The Court ordered Plaintiff to either file an amended complaint to address these deficiencies, or to file a response to the Order to Show Cause explaining how the allegations in his Complaint are sufficient. *Id.* at 7.

Plaintiff did not amend his Complaint. Instead, he filed a response to the Order to Show Cause. Doc. 7. However, instead of explaining how the Complaint is sufficient, Plaintiff's response seeks to add additional information to support his claims. *Id.* A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). An "allegation" is "[s]omething declared or asserted as a matter of fact, esp. in a legal pleading; a party's formal statement of a factual matter as being true or provable, without its having yet been proved." *Allegation*, Black's Law Dictionary (12th ed. 2024). In applying the *Iqbal/Twombly* standard to determine whether a plaintiff has stated a plausible claim, the Court must take the plaintiff's well-pleaded facts as true. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). Because the response to the Order to Show Cause does not explain how the original Complaint is sufficient, and because the Court will not supplement the original Complaint with information added in the response, if Plaintiff desires to add facts to his complaint, the Court directs Plaintiff to file an amended complaint.

If Plaintiff chooses to amend his complaint, he must address the following deficiencies or risk dismissal of his complaint.

### Defendant Danny Vigil

In the Court's Order to Show Cause, the Court first recognized Plaintiff's allegation that, to satisfy the mens rea element of the charge against Plaintiff, Defendant Vigil wrote in his

probable cause statement to the state court judge that Plaintiff admitted the company who owned

the truck advised Plaintiff "that they were going to call the cops." Doc. 6 at 2-3. Second, the

Court recognized Plaintiff's assertion that Defendant Vigil falsely attributed this statement to

him. *Id*. If that were the end of the story, Plaintiff's complaint might be sufficient to state a claim.

A police officer cannot legally obtain court determination of probable cause for an arrest through

the presentation of information the police officer knows is false. *Puller v. Baca*, 781 F.3d 1190,

1197 (10th Cir. 2015) ("Affiants seeking arrest warrants violate the Fourth Amendment when

they knowingly, or with reckless disregard for the truth, include false statements in an affidavit,

or knowingly or recklessly omit from it information which, if included, would vitiate probable

cause.").

Plaintiff's factual allegations in the Complaint, however, did not tell the entire story. For

the rest of the story, the Court looked to Defendant Vigil's actual probable cause statement,

which Plaintiff attached to his Complaint.[2] After reviewing what Defendant Vigil actually wrote

in his probable cause statement, the Court explained the rest of the story:

> The reports indicate that the owner of the Company "Tatisha Nicholson advised
> [Defendant Danny Vigil] she was tracking her vehicle that was stolen by one of
> her drivers . . . . [Plaintiff] was no longer allowed to have the vehicle and kept
> possession of the vehicle after being told to return it." Complaint at 72, 74-75
> (stating Nicholson reported the vehicle stolen to a South Carolina Sheriff's Office
> and that "the vehicle did come back stolen out of South Carolina"); *id.* at 83
> (Probable Cause Statement, same). The Incident Report also states that after being
> advised of his Miranda rights "[Plaintiff] advised [Defendant Danny Vigil] he did
> not steal the truck. [Plaintiff] advised the company told him they were going to
> call the cops, however, they told him to finish his load and then they would get
> him a load back to South Carolina." Complaint at 72, 75, at 83 (Probable Cause
> Statement, same).

---

[2] Looking to Defendant Vigil's probable cause statement to see exactly what Defendant Vigil indisputably said in his statement is different than searching through attachments for arguments that can be made on either party's behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

*Id*. at 3. That is, Plaintiff's Complaint includes the first part of the statement Defendant Vigil attributed to Plaintiff (Plaintiff advised Defendant Vigil that that the company told him they were going to call the cops) but not the second part of the statement (the company also told Plaintiff to finish with his current load and then they would get him a separate load he could bring back to South Carolina).

The Court pointed out that the full statement Defendant Vigil attributed to Plaintiff was exculpatory, not inculpatory, and so could not have been submitted to obtain a probable cause determination from the state court judge. *Id*. at 5-6. Instead, the statement Defendant Vigil attributed to the company that owned the truck (Plaintiff stole the company's truck) provided the basis for probable cause as to the mens rea element. *Id*. Because Defendant Vigil's allegedly false statement, if believed, served to exculpate not inculpate Plaintiff, it was not used to obtain a probable cause determination against Plaintiff. Similarly, inclusion in Plaintiff's Complaint of a portion of a false exculpatory statement Defendant Vigil allegedly made does not state a plausible claim against Defendant Vigil.

Plaintiff's explanations in response to the Order to Show Cause also fail to show that he has stated a claim against Defendant Vigil. For instance, Plaintiff argues that the claim is based not only on the alleged false exculpatory statement but also on other evidence, including the events shown on the video record on the USB drive, Exhibit S that Plaintiff lodged with the Court, and the incident report and documents attached to the Complaint. Doc. 7 at 2-7. However, the video on the USB drive is not Plaintiff's statements of factual matters and thus not allegations for stating a plausible claim.

Second, Plaintiff argues that Defendant Danny Vigil lacked probable cause because Plaintiff, during the arrest, presented exculpatory information to Defendant Danny Vigil. Doc. 7

at 2-3 (stating Plaintiff presented Defendant Danny Vigil with physical documentation showing his employment relationship and permissive use of the truck). Plaintiff has not cited any legal authority showing that an arresting officer must give credence to an arrestee's statements instead of the statements of an alleged victim or witness. *See, e.g., Romero v. Fay*, 45 F.3d 1472, 1480-81 (10th Cir. 1995) ("a police officer does not commit false imprisonment merely by arresting an individual who happens to be innocent . . . 'we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence . . . *The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury*'") (emphasis in original) (quoting *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979) ("Respondent's innocence of the charge contained in the warrant, while relevant to a tort claim of false imprisonment in most if not all jurisdictions, is largely irrelevant to his claim of deprivation of liberty without due process of law. The Constitution does not guarantee that only the guilty will be arrested.")); *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) ("Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense.").

Moreover, some of the exculpatory information to which Plaintiff refers includes bills of lading, the truck keys, and dispatch messages on Plaintiff's phone. Doc. 7 at 2. The allegations in the Complaint suggest that although Plaintiff initially had permission to possess the truck, that permission did not continue indefinitely. Doc. 1 at 10-11 (alleging dispatcher gave Plaintiff permission to pick the truck up but later informed Plaintiff "we need our truck back").

Third, Plaintiff asserts that the Complaint states a claim for malicious prosecution "because the Underlying Criminal Proceedings Terminated in Plaintiff's Favor without requiring

6

an Affirmative Showing of Innocence." Doc. 7 at 4. Plaintiff cites *Thompson v. Clark* in which the United States Supreme Court stated that "[t]o maintain [a] Fourth Amendment [malicious prosecution] claim under § 1983, a plaintiff . . . must demonstrate, *among other things*, that he obtained a favorable termination of the underlying criminal prosecution." 596 U.S. 36, 39 (2022) (emphasis added). The response to the Order to Show Cause fails to show that the Complaint states a plausible malicious prosecution claim because, as described above, the Complaint fails to allege that Defendant Danny Vigil lacked probable cause. *See Thompson*, 596 U.S. at 44 (stating "American courts described the elements of the malicious prosecution tort as follows: (i) the suit or proceeding was instituted *without any probable cause*; (ii) the motive in instituting the suit was malicious, which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution terminated in the acquittal or discharge of the accused.") (emphasis added) (quotation marks and citation omitted).

The Complaint alleges Defendant Danny Vigil made "false statements" and identifies one allegedly false statement but does not identify any of the other allegedly false statements. Doc. 1 at 14-15. The amended complaint must clearly identify each false statement allegedly made by Defendant Danny Vigil. To the extent Plaintiff relies on the one allegedly false statement discussed above, that allegedly false statement cannot support Plaintiff's claim against Defendant Vigil.

**Defendants Daniel Brown, Joshua Mueller, Damian Vigil and Andrew Laur**

Defendants Daniel Brown, Joshua Mueller, Damian Vigil, and Andrew Laur are Officers that assisted Defendant Danny Vigil with Plaintiff's arrest. The Court notified Plaintiff that the Complaint fails to state a claim against the assisting Officers because there are no allegations describing what the assisting officers did to Plaintiff and what specific legal right Plaintiff

believes each assisting Officer violated. Doc. 6 at 6 ("To state a claim in federal court, a complaint must explain what each defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added)).

In his response, Plaintiff asserts he "explicitly sets forth what each individual assisting Officer did, when they did it, how it caused harm, and the Specific legal rights violated." Doc. 7 at 4-7 (describing those elements for each assisting Officer and referencing "Exhibit S Videos/Body Cameras on these Officers"). The assisting Officers' actions that Plaintiff "explicitly sets forth" in his response are similar to their actions described in the "Narratives" contained in the Santa Fe Police Department Incident Report which Plaintiff attached to the Complaint as Exhibit X. Doc. 1 at 70-77. However, considering the facts from "Narratives" in the Incident Report does not explain what Plaintiff believes the assisting officers did wrong or how he was harmed by them. To the extent Plaintiff seeks to add additional facts in his response, he must allege those facts in an amended complaint.

### Defendant City of Santa Fe

The Court notified Plaintiff the Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against the City of Santa Fe because Plaintiff has not alleged facts showing that a City of Santa Fe policy or custom was the moving force behind the alleged constitutional deprivation. Doc. 6 at 6-7 ("To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation.") (quoting *McLain v. Sheriff of Mayes County*, 595 F. App'x 748, 753-54 (10th Cir. 2014)).

Plaintiff asserts in his response that he "plausibly alleges that a widespread unwritten custom, policy, and failure to train by the City of Santa Fe was the Moving Force Behind the Constitutional Deprivations Suffered" and

> The City of Santa Fe, through its Police Department, maintains an unwritten custom and practice of failing to properly investigate ownership or permission use verification in commercial interstate trucking disputes. Instead of executing basic constitutional due diligence (such as verifying bills of lading, Corporate Dispatch Logs, or employment status), Santa Fe Officers Routinely Operate as De Facto, Tax payer-Funded Private Repossession and Deb-Collection force for Commercial Trucking entities. This widespread custom directly caused the Responding Officers to Bypass Standard Investigative Steps and Immediately Arrest Plaintiff without Probable Cause.

Doc. 7 at 7-8.

The response, however, fails to show that the Complaint states a plausible claim against the City of Santa Fe. The only allegation in the Complaint form states: "Municipal Liability Plaintiff's claim against Defendant City of Santa Fe for violation of the Fourth; Fourteenth and First Amendments for failure to train and supervise Officers accountable in this action and incidents." Doc. 1 at 3. There are no allegations regarding the City of Santa Fe's alleged policy/custom in the Memo in Support. *See id.* at 7-18. Plaintiff's bare assertion in the Complaint that the City of Santa Fe failed to train and supervise the Officers involved with Plaintiff's arrest is insufficient to state a plausible claim. To state a plausible claim for municipal liability, a complaint must include factual allegations supporting the existence of a City policy/custom which was the moving force behind the constitutional deprivations. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement.").

9

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Section 1915 also requires that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will address service after the Court reviews the amended complaint.

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case. The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

_____
**UNITED STATES MAGISTRATE JUDGE**

10